480 So.2d 894 (1985)
Varner JONES, Plaintiff-Appellant,
v.
Cecil J. BLACHE, Administrator of the Louisiana Office of Employment Security, and Dittco Products, Inc., Defendants-Appellees.
No. 17387-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
*895 Herman Robinson, Dept. of Labor, State of La., Baton Rouge, for defendants-appellees.
North Louisiana Legal Assistance Corp. by Daisy M. Jefferson, Monroe, for plaintiff-appellant.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.

Facts
Mr. Varner Jones filed a claim for unemployment benefits after termination of employment with Dittco Products, Inc. He was suspended on February 24, 1983, for three days as a result of a supervisor's belief that he reported to work under the influence of intoxicants. The personnel manager suggested that if Mr. Jones enrolled in Alcoholics Anonymous that he would be reinstated at the end of the suspension period. The appellant did as the manager suggested but was terminated upon his return to work on March 3, 1983.
On June 10, 1983, the Louisiana Office of Employment Security mailed a notice to the appellant's home address informing him of his disqualification from benefits, effective February 24, 1983. On June 14, 1983, the appellant filed an appeal of this disqualifying determination. He then went to California.
By notice mailed July 29, 1983, the appellant was informed of an appeal hearing to be held in Monroe, Louisiana, on August 9, 1983. By notice mailed August 19, 1983, the appeals referee informed the appellant that the initial determination had been affirmed as no one had reported for the hearing.
In October of 1983, the appellant, having returned from California, made inquiries to the Office of Employment Security concerning the status of his case. He appealed to the Board of Review on October 27, 1983, after being informed of the decision of the appeals referee. On this appeal request, the appellant related that he did not receive a copy of the appeal hearing notice as he was in California. On this appeal form he made no reference to whether or not he had received the notice of the appeals referee's decision. He also attached to his appeal to the board of review a copy of a book he alleges proves that he had tried to re-establish his Louisiana unemployment claim while in California. *896 This book, entitled Unemployment Insurance Handbook for Claimants (Interstate), shows that someone filed a claim in California, but does not relate who it was or to which state the claim was transferred. Also, this book is not dated. The Board of Review affirmed, finding that the 15 day appeals period, authorized in LSA-R.S. 23:1630, had expired prior to the appellant's request for a review of the referee's decision.
The appellant filed a petition for judicial review on December 23, 1983, in the Fourth Judicial District Court seeking to overturn the Board of Review decision. The appellant alleged no facts to support his claim for reversal of the determination of the board of review other than the conclusionary statement that he was terminated from Dittco under nondisqualifying circumstances. The Department of Labor-Office of Employment Security filed an answer on September 26, 1984, wherein it prayed that the court remand the case for the reception of additional evidence. This answer contains no statement of fact or law urged as a basis for the error of the board of review determination which would support the prayer.
On December 18, 1984, the appellant's counsel filed a rule for judgment on the pleadings and the rule was made returnable on January 17, 1985. Appellant sought in this rule a reversal of the board of review and an award of benefits. At the hearing on the rule, counsel for the appellant and a representative of the employer were present. The appellant's counsel argued that as the Office of Employment Security sought in its answer a remand of the case for further evidentiary hearings, and as the appellant had given his new address to the Employment Security Office prior to moving to California, then the court should grant a judgment for unemployment benefits on the basis of the pleadings. The court denied the motion for judgment on the pleadings and affirmed the decision of the Board of Review.
The employer never answered this suit and only the plaintiff appeals the judgment.
The appellant's assignment of error presents the following issue for decision:
Did the trial court err in affirming the decision of the Board of Review as the evidence establishes that the appellant's failure to file his appeal within the 15 day time limit authorized by LSA-R.S. 23:1630 was the result of the agency not mailing the appeal hearing notice to his last known address?
We affirm the judgment.

Scope of Review
A claimant for unemployment benefits who wishes to appeal an adverse ruling by the appeals tribunal must initiate a review by the board of review within fifteen days after the mailing of the unfavorable decision to the claimant's last known address. LSA-R.S. 23:1630. A notation on the notice giving the date mailed, and showing that correspondence was sent to the address given on the claimant's claim, creates a rebuttal presumption that it was mailed on the date shown and that the claimant received it. Houston v. Administrator of Division of Emp. Sec., 191 So.2d 167 (La.App.3d Cir.1966); Cf. Bailey v. Cajun Insulation, 453 So.2d 237 (La. 1984). The fifteen day period for appealing decisions of the appeals tribunal is peremptive and its running destroys a claim so completely that any right of action ceases to exist. Mack v. Winn Dixie of Louisiana, 442 So.2d 756 (La.App. 1st Cir.1983). Findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. LSA-R.S. 23:1634.
The thrust of the appellant's argument is that the trial court erred in affirming the decision of the board of review as the evidence showed that the required notices were not sent to his last known address and that he had timely filed an interstate *897 claim for benefits while he was in Richmond, California.[1]
In his brief, the appellant alleges that after filing his appeal of the initial agency determination, but prior to the mailing of the notice for hearing, he moved to Richmond, California. He asserts that prior to moving, he informed the Monroe office of his intention and left a forwarding address. He also alleges that personnel at the office gave him instructions on filing an interstate claim for benefits. He concludes by relating that he filed such an interstate claim on July 27, 1983, while he was in Richmond, California. As we will point out, almost none of these factual contentions are supported by the record.
The record establishes that the appellant's main contention is that he timely provided a forwarding address to the Monroe office. However, this critical factor was not urged until his counsel asserted it in oral argument at the court hearing on January 17, 1985, more than one year after the petition for judicial review was filed. The appellant's petition to the court, filed December 23, 1983, contains no reference to this change of address. More importantly, this assertion does not appear on the appeal request to the board of review filed by the appellant on October 27, 1983. This appeal form only relates that the appellant did not get a copy of the notice of when the appeal hearing would be held as he was in California when it was mailed. The record does not reflect the appellant's California address.
The appeal request also refers to evidence that he timely filed an interstate claim while he was out of state. The record relates that this evidence is a copy of a California employment insurance handbook for interstate claimants containing an identification card and information on filing claims. This evidence establishes that a claim was filed in Richmond, California, at the Employment Development Department but does not identify the claimant nor does it show to which state the interstate claim was addressed. It also does not show that any such claim was transferred to Louisiana.
In addition, the appellant does not argue that the notices were sent to the wrong residence. In brief, he admits that the notices were sent to his address in Monroe, Louisiana, although he contends they should have been sent to him in California.
The appeal request filled out by the appellant, and addressed to the board of review, contains no allegations of fact which, if proven, would call into question the agency's constitutional obligations to provide notice of the appeal hearing and the unfavorable decision of the appeals referee. It does not allege that his last known address was other than his address of record. It does not allege that the date on the notice was not the actual date of mailing. In substance, the appellant only asserts on the appeal form that he did not receive a copy of the required notice. The agency has no legal obligation to ensure actual receipt by the appellant. Bailey v. Cajun Insulation, supra.
In the absence of fraud, this court must affirm the trial court's judgment if there is sufficient evidence upon which the board of review could determine that the appellant untimely appealed the adverse ruling and if the decision is correct as a matter of law. The evidence before the board of review consisted of the appellant's reason for not filing within the statutory deadline. This reason did not include an allegation that he had timely given a forwarding address to the Monroe office. It did not assert that the notice had not been mailed on the date indicated. The only reason given by the appellant is that he was out-of-state. The record reveals that the notice in question *898 contains an annotation that it was mailed on August 8, 1983, and it is addressed to the appellant's admittedly correct Monroe address.
We are aware that the Unemployment Compensation Act must be construed liberally in the interest of its beneficiaries. However, the scope of this beneficial construction is bounded by express legislative restrictions. Craighead v. Administrator, Etc., 420 So.2d 688 (La.App.2d Cir.1982), writ denied 422 So.2d 154 (La.1982); McCullers v. State, Dept. of Labor, Etc., 405 So.2d 631 (La.App.3d Cir.1981). The law requires that notice of the unfavorable decision be sent to the appellant in a manner reasonably calculated to apprise him of the situation and does not mandate that he actually receive it. Bailey v. Cajun Insulation, supra.
We conclude that the evidence in the record is insufficient to rebut thepresumption that the notice in question was mailed on August 8, 1983, and that the appellant received it. The board of review acted upon sufficient evidence in ruling that the appellant's claim was filed untimely.
The insufficient reasons given by the appellant explaining his failure to receive notice of the unfavorable decision, and his admission that the notice was mailed to his correct Monroe address, distinguishes this case from Houston v. Administrator of Division of Emp. Sec., supra, wherein a new hearing was ordered.
The judgment is AFFIRMED.
NOTES
[1] In brief, the appellant asserts that the trial court should not have "ruled on the merits" as the hearing was in response to a motion for a judgment on the pleadings. The record clearly shows that at the hearing held on January 17, 1984, the court informed counsel for the defendant that it was taking the matter under advisement and that the subsequent ruling would either be to affirm or reverse the decision of the board of review. We deem counsel's lack of objection to this decision as a waiver of a right to complain.