SEXTON, Judge.
The plaintiff has appealed a district court judgment holding that her unemployment compensation appeal to the Board of Review was untimely filed. Additionally, she asks for judgment decreeing that she is entitled to unemployment compensation. We affirm the district court’s judgment.
On April 12, 1986, the plaintiff, Jessie B. Thompson, was dismissed from her job as a flower arranger at the House of Flowers and Gifts, Inc. in Ruston, Louisiana. The following day she made a claim for unemployment compensation. The Office of Employment Security determined that the plaintiff was not disqualified from receiving unemployment compensation. On May 5, 1986, the employer appealed this determination to an appeals tribunal for the Office of Employment Security. Finding that the plaintiff was discharged for misconduct connected with her employment, *724 the appeals referee rendered a decision in favor of the employer. This decision was mailed on May 20, 1986.
The plaintiff filed an appeal of this decision with the Board of Review for the Office of Employment Security on June 9, 1986. Written on the notice of appeal is the notation that “claimant states she never received her copy of determination.” Dismissing the appeal, the Board of Review held that the plaintiff did not file a timely appeal in accordance with LSA-R.S. 28:1630 since she filed the appeal more than fifteen days after the mailing of the decision.
On July 28, 1986, the plaintiff filed a petition for judicial review in the district court. The district court affirmed the decision of the Board of Review that the plaintiffs appeal to the board was not timely.
The pertinent part of LSA-R.S. 23:1630 reads as follows:
The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision or allow an appeal to be filed by any party entitled to notice of such decision.
[Emphasis added]
The plaintiff interprets the statute to provide two alternatives: (1) a party may appeal within fifteen days of the notification of the decision or (2) a party may appeal within fifteen days of the mailing of the decision. The plaintiff contends that she never received a copy of the decision by mail. She argues that she received notification of the decision on June 9, 1986, when she called the Ruston Office of Employment Security and that because she appealed within fifteen days of this date, her appeal was timely.
Plaintiffs contention is without merit. The statutory fifteen day period is one of peremption, and the failure to appeal within that period eliminates plaintiffs cause of action. In Mack v. Winn Dixie of Louisiana, Inc., 442 So.2d 756 (La.App. 1st Cir. 1983), the plaintiff did not file an appeal from the referee’s decision until the 16th day after the mailing of that decision. In discussing the nature of LSA-R.S. 23:1630 and its effect, the First Circuit stated at page 757:
This is a period of peremption and its running destroys the claim so completely that any right of action ceases to exist and is lost. Austin v. Administrator, Div. of Emp. Sec., Dept, of Lab., 158 So.2d 74 (La.App. 1st Cir.1963); Sweet v. Brown, 125 So.2d 261 (La.App. 3rd Cir.1960); Delta Air Lines, Inc. v. Brown, 115 So.2d 903 (La.App.Orl.Cir.1959).
Plaintiffs appeal was not received until the sixteenth day following the date of mailing of the appeals referee’s decision. The jurisprudence has been uniformly consistent in this area. After the fifteenth day, any right of action plaintiff had was lost and could not be resurrected.
A notation appearing on the face of the decision of the appeals referee in the instant case notes that mailing occurred May 20, 1986. Such a notation gives rise to the presumption that the notice was mailed on that date, as public officials are presumed to have performed their duties correctly. Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984); Sweet v. Brown, 125 So.2d 261 (La.App. 3rd Cir.1960).
While it is true, as the plaintiff argues in her brief, that the Louisiana employment security law, LSA-R.S. 23:1471, et seq., is to be liberally construed in the interest of its beneficiaries, the scope of this construction is bounded by express legislative restrictions. Jones v. Blache, 480 So.2d 894 (La.App. 2d Cir.1985). The law requires only that “notice of the unfavorable decision be sent to the appellant in a manner reasonably calculated to apprise him of the situation and does not mandate that he actually receive it. Bailey v. Cajun Insulation, supra." Jones v. Blache, supra, at 898.
For the reasons aforesaid, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.