WARD, Judge.
After administrative proceedings were resolved against her, Margaret Jones filed a petition for judicial review in an action to recover unemployment compensation benefits. Her petition for judicial review, however, was not timely filed in the District Court in accordance with La.R.S. 23:1630. The Office of Employment Security questioned the timeliness of the petition by filing an exception of peremption. The District Judge denied the exception, determined that the Board of Review denied due process to Jones and referred the case to the Board of Review to take additional evidence on whether Jones properly received notice of the Board’s decision which would enable her to timely file her petition. The Office of Employment Security appeals the District Judge’s ruling. We affirm in part and remand.
Jones was terminated from her employment at Edward’s Cafeteria on February 4, 1987. Four days later, she filed a claim for unemployment compensation with the Office of Employment Security in the Louisiana Department of Labor. On February 19, the Office notified Jones that she was disqualified from receiving benefits. Jones then appealed this determination to an Administrative Law Judge who reversed the *887 disqualification against her. Jones’s former employer then timely appealed the Administrative Law Judge’s decision to the Board of Review. The Board of Review reversed the decision, and disqualified Jones effective February 4, 1987.
The Board of Review decision was sent to Jones with the notation “Decision Mailed: 4/10/87.” Under La.R.S. 23:1630, Jones could obtain judicial review of the Board’s decision if she filed a petition in the District Court within fifteen days after April 10,1987. Jones claims, however, that she did not receive the Board’s decision in the mail until May 5, 1987, well after the fifteen day period had elapsed. She filed her petition in the District Court on May 7, 1987. The District Judge, by denying the exception of peremption and referring the matter to the Board of Review, has not made a decision on the merits of Jones’s petition.
Before turning to the main issue, we first consider the argument of the Office of Employment Security that the District Judge erred by determining that the Board of Review denied due process to Jones. In Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984), the Louisiana Supreme Court concluded that notice provisions in La.R.S. 23:1630, that is, notice by regular mail and the delay which begins to run from the date notice was mailed, are reasonably calculated to inform parties of the event which commenced the period for exercising their rights and do not therefore infringe upon due process rights.
The issue in this appeal therefore only involves whether Jones may attempt to rebut the presumption of La.R.S. 23:1630 that notice of the Board’s decision was mailed to her on April 10.
Contrary to the Office of Employment Security’s argument, the District Judge correctly denied the exception of peremption. Public officials are presumed to perform their duties correctly, therefore the notation on the Board’s decision that the decision was mailed to Jones on April 10, gives rise to the rebuttable presumption that the decision was mailed on that date. Bailey, 453 So.2d at 241. Accordingly, before the exception of peremption can be maintained, Jones must be given the opportunity to rebut the presumption by presenting evidence.
Although the District Judge’s ruling affords Jones this opportunity, we find it unnecessary to send the matter back to the Board of Review to hear evidence. La.R.S. 23:1634(B) does prohibit the District Court from receiving additional evidence in its review of the Board’s decision, but in this case the District Court has not yet begun to review the merits of Jones’s petition for judicial review. We do not interpret La.R. S. 23:1634(B) to prohibit the District Court from receiving additional evidence on a matter raised by a peremptory exception involving whether the District Court has jurisdiction over this case. Only if or after the District Court determines that Jones timely filed her petition for review of the Board’s decision, does the District Court’s factual review become confined to the sufficiency of the evidence already presented to the Board. La.R.S. 23:1634(B).
The District Judge did, however, err by remanding the matter for the taking of additional evidence “on whether the plaintiff properly received her notice of denial.” Under Bailey, Jones’s additional evidence must be limited to showing that the Board of Review did not mail notice of its decision on April 10. Hence, we affirm the judgment of the District Court denying the exception of peremption because Jones is entitled to present evidence to support her opposition to the exception, and we remand to the District Court for the taking and review of any evidence offered to rebut the presumption that the Board of Review mailed its decision to Jones on April 10, 1987.
The judgment therefore is affirmed in part, reversed in part and the case is remanded to the District Court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.