981 So.2d 814 (2008)
Eddie MENYWEATHER, Plaintiff-Appellant
v.
OFFICE OF EMPLOYMENT SECURITY, Defendant-Appellee.
No. 43,170-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*815 Dianne Hill, Monroe, for Appellant.
J. Jerome Burden, Baton Rouge, for Appellee.
Before GASKINS, MOORE and LOLLEY, JJ.
MOORE, J.
Eddie Menyweather appeals a judgment that rejected as untimely her appeal of a determination of the Louisiana Department of Labor, Office of Employment Security (herein, "the agency") denying *816 her claim for unemployment compensation ("UI") benefits. We affirm.

Factual Background
Ms. Menyweather was employed as a food service worker at Barnhill's Buffet in Monroe, making $2.13 an hour plus tips. Her supervisor, Carolyn Wright, testified that on the evening of June 24, 2006, Ms. Menyweather's station was "poorly closed," with tables "nasty," the floor unswept, the ice bin empty, and other deficiencies noted. Because of this, the following night, June 25, she told Ms. Menyweather to clock out and leave, but Ms. Menyweather refused to do so. Ms. Wright got a store manager, Paul (who did not testify), to ask her to leave, but she still refused; they phoned the general manager, John Rogers, who on a conference call ordered her to leave, but she still refused. Rogers drove to the restaurant and warned Ms. Menyweather to leave within three minutes or he would call the police; she clocked out, but did not leave the premises until the police car pulled up. The next day, June 26, Rogers phoned Ms. Menyweather to tell her she was fired for insubordination.
Ms. Menyweather admitted that she refused to leave, but testified that they wanted her out because it was a Sunday night and business was slow; she had no money and her gas tank was empty, so she had to stay until closing to collect her tips. She also did not dispute that the banquet area, to which she was assigned, was a mess after closing on Saturday night, but she blamed this on a new coworker who, according to Ms. Menyweather, was "high on drugs" and did not do her job properly. Ms. Wright confirmed that a new employee had been assigned to the banquet area that night, but that Ms. Menyweather intimidated that girl to the point of tears, and they had to reassign her elsewhere in the restaurant.

Procedural History
On June 29, Ms. Menyweather filed an internet application for UI benefits, claiming the reason for discharge was "a shift manager felt he was disrespected" but "I feel as though I did not disrespect him, I did nothing wrong, and if I did anything wrong I should have been suspended." The employer responded that they fired her for insubordination, as she "refused to clock out when requested by two managers," and her "duties [were] not done."
On July 27, the agency notified Ms. Menyweather that she had been discharged for insubordination. Because this is misconduct connected with the employment, she was disqualified for UI benefits. The notice included a summary of her appeal rights.
Ms. Menyweather then applied for a hearing before an ALJ, which was held on October 23, 2006. The testimony summarized above was adduced; the ALJ took the matter under advisement. On October 31, he rendered a decision finding that she was terminated for "deliberate failure to perform her duties satisfactorily" and "deliberate disregard of their rules." Thus, the ALJ would not disturb the agency's determination. The decision listed a mailing date of October 31 and advised that any appeal must be filed "within fifteen (15) days after the mailing date shown."
Ms. Menyweather took an appeal. The only document evidencing this, however, is a sheet entitled "Appeal Tracking Inquiry" which contains a handwritten note, "I would like to appeal to Board of Review because it was not a fair hearing," signed by "C. Noel, 11/22/06." This sheet also bears a fax header that reads, "LDOL Call Center," a Baton Rouge-area fax number, and the date November 27, 2006.
The board ruled that the appeal was not received until November 22, which was *817 past the time limit of R.S. 23:1630: "Therefore, the appellant's rights are lost and the Board of Review is not ruling on the merits of the case, but only on the issue of timeliness of the appeal."
Ms. Menyweather then filed the instant petition for judicial review in the Fourth JDC. She subsequently hired an attorney, and a trial limited to argument was held on August 16, 2007. The court issued a "Ruling, Judgment, and Order" noting that the "broad issues" are whether the board's findings were supported by sufficient evidence, but that the ALJ's decision was mailed on October 31 and the appeal not filed until November 22, more than 15 days later. The court rejected the claim, later signing an "Article 1918 Judgment" to that effect. Ms. Menyweather took the instant appeal, raising two assignments of error.

Discussion
By her first assignment, Ms. Menyweather urges there was insufficient evidence to show that her appeal was filed more than 15 days from the mailing of the ALJ's decision. She concedes that the standard of appellate review under R.S. 23:1634 B is limited to an inquiry of sufficient evidence and fraud. She argues, however, that both ends of the instant 15-day appeal period are dubious:
(a) The agency failed to prove that the ALJ's decision was actually mailed on the date recited in the decision. In support, she cites the portion of R.S. 23:1630 A that provides, "if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party" (emphasis added). In essence, the agency must prove the date of mailing by a postmark, and not by the recitation in the decision itself.
(b) Only two documents purport to show when she filed her appeal-the notice of appeal and the appeal tracking inquiry-but neither of these is signed by the claimant or by any staff person receiving the notice. She concedes that one copy of the appeal tracking inquiry bears the handwritten notation, "C. Noel, 11/22/06," but argues this simply does not establish the date of receipt. She also argues that under the La. Administrative Code, the appeal may be filed in any local office. 40 La. Adm. C. Pt. IV, §§ 109, 125.
From these alleged ambiguities, she concludes that the evidence of untimeliness was insufficient under R.S. 23:1634 B and the judgment should be reversed.
The agency responds that the 15-day appeal period under R.S. 23:1630 A is peremptive and that a legal presumption attaches that the ALJ mailed the decision on the date stated therein. Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984); Jones v. Blache, 480 So.2d 894 (La.App. 2 Cir. 1985). The appeal tracking inquiry showed that Ms. Menyweather filed her appeal by phone on November 22, 2006, to the agency's centralized call center, as noted by the employee who took the call, Charles Noel; because it was by phone, there is nothing signed by the claimant. Finally, the Administrative Code does not supersede the specific statute, R.S. 23:1630 A, that prescribes the time and manner of taking appeals. The agency concludes that the board and district court both properly interpreted the record to find that the appeal to the board was untimely.
In a proceeding for judicial review of an agency determination of UI benefits, "the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." La. R.S. 23:1634 B; Banks v. Administrator, 393 So.2d 696 (La.1981). Judicial review does not permit the weighing of evidence, *818 drawing of inferences, re-evaluation of the evidence, or substituting the views of this court for those of the board as to the correctness of facts. Lafitte v. Rutherford House Inc., 40,395 (La.App. 2 Cir. 12/14/05), 917 So.2d 684, and citations therein.
Appeal from the ALJ's decision is permitted "within fifteen days after the date of notification or of mailing of a decision of an appeal referee, by any party entitled to notice of such decision, if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party." La. R.S. 23:1630 A; Bailey v. Cajun Insulation, supra.
The agency correctly shows that the 15-day appeal period is peremptive. Bailey v. Cajun Insulation, supra. There is a legal presumption that the decision of the ALJ was mailed on the date stated in the decision. Id.; Jones v. Blache, supra; Thompson v. Administrator, 514 So.2d 723 (La.App. 2 Cir.1987). There is simply no record evidence to rebut the presumption of timely mailing. Further, the reference to "the postmarked date" in R.S. 23:1630 A clearly applies to the claimant's appeal, not to the ALJ's decision. The board's finding that the ALJ's decision was mailed on October 31 is supported by sufficient evidence.
The statute provides that an appeal may be either mailed or delivered by a party, La. R.S. 23:1630 A. Delivery may be by phone call; the notice of claim determination form recites, "If you, as claimant or interested employer, do not agree with this determination, you may appeal by writing a letter [to] the Louisiana Department of Labor or by calling the UI call center at [a toll-free number] for assistance." The only record evidence of Ms. Menyweather's appeal is the appeal tracking sheet, which includes a computer printout of her claim history, a handwritten notation signed by "C. Noel, 11/22/06," and a fax header from "LDOL Call Center." In our view, this shows that Ms. Menyweather lodged her appeal by phoning the call center on November 22, after the appeal period had expired. Although she disputes it, there is no affirmative evidence, such as a cell phone record, to show that the call was actually made on November 15. On this record, the board's finding that Ms. Menyweather's appeal was untimely is supported by sufficient evidence.
We recognize Ms. Menyweather's complaint that the record contains nothing signed by her to prove the date of filing. Such a document, if it existed, would be stronger proof, and it would exist had she pursued one of the avenues outlined by R.S. 23:1630, either mailing a letter to the agency or physically delivering an appeal to the local Job Service office. In addition, however, the agency also accepts appeals by phone call to a toll-free number and fax filing to the agency. These supplemental methods appear well crafted to accommodate claimants who lack transportation or suddenly find themselves near the end of the 15-day peremptive period. The convenience of a phone call is obviously balanced against the absence of a signed document. On this record we cannot say the agency's phone-in system of appeals violated Ms. Menyweather's rights. The first assignment of error lacks merit.
By her second assignment of error, Ms. Menyweather urges the record is incomplete for review on remand. She argues that once the matter was set for hearing in the Fourth JDC, counsel "was informed" that the agency had disposed of the record. Specifically, two pages provided in discovery had "crucial material obliterated." Without a complete record, meaningful review is impossible. Citing the rule of liberal construction in favor of the UI claimant, Craighead v. Administrator, *819 420 So.2d 688 (La.App. 2 Cir.), writ denied, 422 So.2d 154 (La.1982), she submits that in the absence of a complete record she is entitled to judgment removing the disqualification and awarding her benefits for the applicable period. She also requests attorney fees under La. R.S. 23:1692 and Dubois v. Louisiana Dept. of Labor, 427 So.2d 645 (La.App. 5 Cir.1983).
The agency responds that the record is in fact complete, that neither of the affected pages had any bearing on the timeliness of the appeal, and that no statute or jurisprudence authorizes attorney fees for an unsuccessful UI claimant.
The claim that the agency "disposed of" the record of this proceeding is utterly groundless. The instant record includes a complete, 21-page transcript of the ALJ hearing and copies of all relevant filings, the totality of which convinces us that Ms. Menyweather received a fair and full hearing based on sufficient evidence, even if she did not prevail. A mere two pages appear to be incomplete, Ms. Menyweather's employment application with Barnhill's and a disciplinary form filled out by Ms. Wright on June 24, 2006: both are photocopies of originals to which Post-it® notes had been affixed, partly obstructing the original writing. However, as the agency shows, these are de minimis alterations with no bearing on the timeliness of the appeal. There is no basis to reverse this judgment under the guise of an incomplete record.
Attorney fees are not allowed except where authorized by contract or statute. Smith v. State, XXXX-XXXX (La.3/11/05), 899 So.2d 516. La. R.S. 23:1692 provides, in part:
Any individual claiming benefits in any proceeding before the administrator or the board of review or their representatives or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for their services more than an amount approved by the administrator.
This paragraph, unaltered since 1944, appears to establish agency oversight of attorney fees charged to UI claimants. It contains no explicitly penal provisions, such as are found in La. R.S. 23:1201 (imposing statutory penalties and attorney fees against an employer or insurer who refuses to begin paying, or stops paying, workers' compensation benefits under certain circumstances). Nothing in § 1692 condemns the employer or the agency to pay attorney fees to a successful claimant, much less an unsuccessful one. We recognize the dictum in Dubois v. Louisiana Department of Labor, supra, suggesting that attorney fees may be assessed against an employer who takes a frivolous appeal, but such was clearly not the case here. The claim for attorney fees lacks merit.

Conclusion
For the reasons expressed, the judgment affirming the dismissal of Ms. Menyweather's appeal as untimely is affirmed. Costs are not assessed. La. R.S. 23:1692; Lexing v. Francis, 572 So.2d 295 (La.App. 2 Cir.1990) (on rehearing).
AFFIRMED.