WILLIAMS, J.
|! Defendants, Goodwill Industries of North Louisiana, Inc. and Louisiana Workforce Commission, appeal the trial court’s finding that claimant, Carmen Bell, is entitled to a telephone hearing to appeal the denial of her unemployment compensation benefits. For the following reasons, we reverse and dismiss this claim.
FACTS
Claimant, Carmen Bell, was employed by Goodwill Industries of North Louisiana, Inc. (“Goodwill”) for approximately six years. On January 6, 2011, claimant’s employment was terminated. Claimant filed a claim for unemployment compensation benefits, asserting that she had been “discharged/fired” for “substandard work, substandard conduct.” However, Goodwill maintained that claimant voluntarily resigned. Subsequently, Louisiana Workforce Commission notified claimant that she had been disqualified from receiving unemployment compensation benefits. The letter stated, in part:
YOU STATE THAT YOU WERE SEPARATED FROM YOUR EMPLOYMENT DUE TO LACK OF WORK/DISCHARGE; YOUR EMPLOYER CONTENDS THAT YOU LEFT VOLUNTARILY. WE WERE UNABLE TO CONTACT YOU FOR FURTHER INFORMATION ABOUT YOUR SEPARATION; HOWEVER, AVAILABLE INFORMATION INDICATES THAT YOU LEFT VOLUNTARILY WITHOUT GOOD CAUSE ATTRIBUTABLE TO A SUBSTANTIAL CHANGE MADE TO THE EMPLOYMENT BY THE EMPLOYER. *634 PLEASE NOTE YOUR APPEAL RIGHTS SHOWN BELOW.
[[Image here]]
Claimant appealed the denial to the Louisiana Workforce Commission Appeals Unit. On May 26, 2011, a Notice of Telephone 12Hearing was mailed to claimant at the address she had provided in her original claim for benefits. In the notice, claimant was notified of the telephone number at which she would be contacted and was instructed to notify the administrative law judge’s office if she wished to be called at a different number. Additionally, claimant was notified that her hearing was scheduled for “Friday, May 27, 2011 [at] 10:00 a.m.” The notice also stated, “If the party who filed the appeal is not available when called, their appeal will be dismissed.”
Subsequently, the hearing was cancelled and rescheduled for June 6, 2011 at 10:15 a.m. On that date, the administrative law judge (“ALJ”) called claimant, but claimant was not available to receive the call. Consequently, claimant was found to be in default and her claim was dismissed due to failure to “appear.”
On June 14, 2011, claimant filed a request to reinstate her appeal, alleging that she was not available for the June 6, 2011 hearing “because she was at the dentist.” Claimant included a school/work excuse, along with a letter from her dentist verifying that claimant was seen that day for a surgical tooth extraction. Claimant’s request to reinstate her appeal was granted.
A hearing date was scheduled for June 30, 2011. During the hearing, both claimant and her supervisor, Lindsay Leith, testified and answered questions posed by the ALJ and defense counsel. Following the hearing, the ALJ concluded that claimant did not voluntarily leave her employment with Goodwill. Rather, the ALJ found that claimant had been terminated |3for misconduct, ie., the deliberate violation of a company policy, and, therefore, she was disqualified from receiving unemployment benefits.
Claimant appealed the decision to the Louisiana Board of Review (“the Board”), contending that she had not been granted a fair hearing. Claimant argued that the ALJ and her employer’s attorney asked her “the same question over and over.” Claimant also stated that the ALJ’s conduct was “biased and inappropriate.” Further, claimant asserted that she overheard the ALJ ask opposing counsel to remain on the telephone at the conclusion of the hearing. Claimant stated, “I felt very uncomfortable in this and how was I to know if this interaction had crossed the lines of ethics?”
The Board reviewed the matter and vacated the ALJ’s decision. The Board stated claimant’s appeal “raise[d] legitimate questions as to whether the [ALJ] compromised the integrity of the administrative proceeding.” The Board remanded the matter for another hearing.
On August 3, 2011, a notice was mailed to claimant informing her that her telephone hearing was scheduled for August 15, 2011 at 10:45 a.m. Claimant was also notified that the hearing would be conducted by a different ALJ, David King. Again, the notice was mailed to the address claimant had provided; claimant was notified of the telephone number at which she would be contacted; claimant was instructed to notify the ALJ’s office if she wished to be called at a different number; and claimant was notified that her appeal would be dismissed if she was not available for the hearing.
|4The ALJ called claimant on the day of the hearing, but claimant did not answer the telephone. An automated voice message system informed the ALJ that claim *635 ant’s telephone number was “not available” and instructed the ALJ to record a message. The ALJ left a message informing claimant that the telephone call was late because he was “held up due to another hearing[.]” The ALJ’s message also informed claimant that he would call her back “in a few minutes just to make sure and see if you’re going to participate in the hearing today[.]” Approximately six minutes later, the ALJ called claimant again and received the same voicemail message. At that time, the ALJ left another message informing claimant that he would issue a dismissal due to her being unavailable for the hearing. Subsequently, the ALJ found claimant to be in default and dismissed her appeal on the basis that she was unavailable to participate in the scheduled hearing.
On August 26, 2011, claimant filed a request to reopen the matter, arguing that she had not received notice of the hearing. The Board upheld the ALJ’s decision, finding that claimant had received proper notice of the hearing and that she did not provide good cause for failing to appear.
Claimant sought judicial review of the Board’s decision, arguing that she was not notified of the August 15, 2011 telephone hearing. Goodwill and the Louisiana Workforce Commission opposed the appeal, arguing that notice of the hearing was mailed to claimant’s address, and claimant failed to appear for the hearing.
During the hearing, the trial court encouraged counsel to rebut the | «¡legal presumption that claimant received the notice mailed to her address. The court inquired, “[H]ow does the court know that she didn’t get [the notice]?” Counsel replied, in part, “[A]ll I can say here is what Ms. Bell has related to me and what has been presented to me up until this time.” At the conclusion of the hearing, the court remanded the matter for a new hearing. The court stated:
[T]he Court has no problem accepting the presumption that notice was sent, but given the history of this case and the Court having some appreciation of the volume that the State has in these matters, and notwithstanding the Court’s not necessarily persuaded by Ms. Bell’s contention that she did not receive notice, I just think the fairer thing to do is to have a hearing on the merits of this ease.
[[Image here]]
Now, I hope I said enough were any appellate court would know that it’s not that the Court is making a decision on the record, per se, but this Court just does not feel comfortable that Ms. Bell ought to be denied a hearing given the history of this case[.]
* * *
[I]’m not saying that the agency has done something wrong and I don’t think [claimant has] done anything wrong, it’s just that this Court is more concerned with having a hearing on the merits than to see her denied a hearing on a technicality of notice.
[[Image here]]
Goodwill and Louisiana Workforce Commission appeal.
DISCUSSION
Defendants contend the trial court failed to apply the standard of review set forth in LSA-R.S. 23:1634 and refused to apply the evidentiary presumption that claimant had received proper notice of the appeal hearing. Defendants argue that the court ignored the conclusion of the Board and substituted its own view for that of the Board.
*636 IrA party who has been denied unemployment benefits may appeal the determination with an appeal referee within 15 days after the date notification was given or was mailed to his last known address. LSA-R.S. 23:1630. Notice of an unfavorable decision must be sent to the claimant in a manner reasonably calculated to apprise him or her of the situation. Jones v. Blache, 480 So.2d 894 (La.App. 2d Cir.1985), citing, Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984).
A notation on the notice giving the date mailed, and showing that correspondence was sent to the address given on the claimant’s claim, creates a rebutta-ble presumption that it was mailed on the date shown and that the claimant received it. Id. The agency has no legal obligation to ensure actual receipt by the claimant. Id.
In a proceeding for judicial review of an agency determination of unemployment benefits, “the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” LSA-R.S. 23:1634(B); Menyweather v. Office of Employment Security, 43,170 (La.App.2d Cir.4/30/08), 981 So.2d 814; Banks v. Administrator, 393 So.2d 696 (La.1981). Judicial review does not permit the weighing of evidence, drawing of inferences, re-evaluation of the evidence, or substituting the views of the court for those of the board as to the correctness of facts. Menyweather, supra; Lafitte v. Rutherford House Inc., 40,-395 (La.App.2d Cir.12/14/05), 917 So.2d 684.
In the instant case, when claimant applied for unemployment ^compensation benefits, she supplied Louisiana Workforce Commission with her address. All of the notices sent to claimant were mailed to the same address. The record contains a copy of the notice of the hearing scheduled for August 15, 2011. That notice, dated August 3, 2011, was addressed to claimant at the address she had provided; the address on the notice was the same address to which the prior notices had been sent and received; the notice informed claimant that her telephone hearing was scheduled “Monday, August 15, 2011 [at] 10:45 a.m.”
Based on this record, we find no error in the Board of Review’s ruling. The notice was sent to claimant in a manner reasonably calculated to apprise her of the hearing. As stated above, the notice was sent to the address provided by claimant, and claimant presented no evidence, other than assertions advanced by counsel, that she did not receive the notice. Although the trial court stated it was “not necessarily persuaded by Ms. Bell’s contention that she did not receive notice,” it stated that providing claimant with another hearing was the “fairer thing to do.”
After reviewing the record in its entirety, we find that the trial court erred in reversing the Board’s decision. The law is clear — the notation on the notice giving the date mailed, and showing that correspondence was sent to the address given on the claimant’s claim, creates a rebutta-ble presumption that it was mailed on the date shown and that the claimant received it. Jones, supra; Bailey, supra. The law does not require Louisiana Workforce Commission to prove that claimant actually received the notice. The notice, which was addressed to claimant, stated that it was | ^mailed August 3, 2011 to the address provided by claimant. Thus, there is a legal presumption that the notice was mailed and that claimant received it. Plaintiff failed to offer any evidence to rebut this presumption. Consequently, the Board’s decision is affirmed as a mat *637 ter of law. The trial court’s decision is hereby reversed.
CONCLUSION
For the reasons set forth herein, the trial court’s judgment is reversed and claimant’s action is dismissed. Costs of the appeal are assessed to claimant, Carmen Bell.
REVERSED; DISMISSED.