GARRETT, J.
The claimant, Virginia A. Green, was denied unemployment compensation benefits in an Appeals Tribunal decision, and she appealed. However, due to the inaudibility of the recording of the Appeals Tribunal hearing, the Board of Review vacated that decision and remanded for another Appeals Tribunal hearing before an administrative law judge ("ALJ"). Following the hearing on remand, the Appeals Tribunal again denied her claim. The claimant did not appeal from that ruling for almost a year and a half. Consequently, the Board of Review dismissed that appeal as untimely. The claimant now appeals from a district court judgment which affirmed the Board of Review's decision. We affirm the district court judgment.
FACTS
The record indicates that the claimant began working at Minden Medical Center ("MMC") as a certified nursing assistant in 2011. She was terminated on November 5, 2015, for unsatisfactory job performance. Thereafter, she filed a claim with the Louisiana Workforce Commission ("LWC") to obtain unemployment compensation benefits.
*631 On December 14, 2015, a notice was mailed to her stating that she was denied benefits because she was discharged for misconduct connected with her employment, i.e., she failed to perform the work assignment as expected and continued to neglect her duties after warnings. See La. R.S. 23:1601(2). She was informed that she had 15 days to appeal this determination by the Agency. She filed a timely appeal, pursuant to La. R.S. 23:1629.
On January 21, 2016, a telephone hearing before an ALJ was held, during which the claimant and a representative of her employer, Director of Human Resources Mary Winget, participated. John Crumpler, MMC's senior care nurse manager, and Terry Miller, the director of senior care, served as witnesses for the employer. On January 25, 2016, the Appeals Tribunal decision of the ALJ was mailed to the parties. Based on the evidence presented, the ALJ concluded that the claimant was discharged for misconduct connected with her employment. Consequently, the decision affirmed the Agency's determination that the claimant was disqualified for unemployment compensation benefits effective November 5, 2015. The documentation with the written ruling informed the claimant that the decision to dismiss was final "unless an appeal is filed within 15 days of the mail date shown on the first page of this notice." On February 16, 2016, the LWC mailed to the claimant an acknowledgment that she had filed an appeal.
Also, on February 16, 2016, the Board of Review mailed its decision. It determined that it could not review the matter due to the inaudibility of the recording of the Appeals Tribunal hearing. As a result, it vacated the Appeals Tribunal decision and remanded the matter for another hearing.
On April 15, 2016, another hearing was held before the Appeals Tribunal. All of the same parties and witnesses participated again. The Appeals Tribunal decision was mailed to the parties on April 19, 2016. The findings of fact were essentially the same. In the conclusion of law section, the ALJ wrote a slightly more detailed analysis. However, she again concluded that the claimant was discharged for misconduct connected with the employment. The decision affirmed the Agency's determination that the claimant was disqualified for unemployment compensation benefits, effective November 5, 2015, to November 5, 2016. This decision was accompanied by the same appeal notice as the previous Appeals Tribunal decision.
On December 6, 2017, the claimant faxed a letter to the LWC, addressed to the "Appeals Board of [Review]." It stated that she "just did not know any better that I had to file the second appeal. Call center told me to go ahead and file."
On December 13, 2017, the Board of Review mailed its decision dismissing the claimant's request for appeal on the basis that it was filed untimely. In its findings of fact, the Board of Review found that the Appeals Tribunal decision was rendered and mailed to the claimant at her correct address on April 19, 2016. However, she did not file her appeal to the Board of Review until December 6, 2017, which was 596 days after the expiration of her appeal rights. Citing the jurisprudence, the Board of Review held that the 15-day period for appeal found in La. R.S. 23:1630(A) was a period of peremption and its running destroyed the claim so completely that any right of action ceased to exist and was lost.
On December 15, 2017, the claimant sought judicial review of the Board of Review's decision before the district court in Webster Parish where she was domiciled, pursuant to La. R.S. 23:1634(A). The LWC Administrator filed an answer and return in judicial review asserting that the Board of Review's decision should be affirmed. A *632 certified copy of the administrator's record was filed into the record. On April 23, 2018, the district court issued a judgment affirming the Board of Review's decision. It stated that, having conducted a thorough review of the record, it found that the Board of Review's findings of fact were supported by sufficient, legal competent evidence as a matter of law. Based upon those findings, the district court found that the Board of Review's legal conclusions were correct as a matter of law.
The claimant, now represented by counsel, appealed the district court decision to this court, as permitted by La. R.S. 23:1634(B). She contends that her appeal should not have been dismissed by the Board of Review and she further contests her disqualification for benefits.
LAW
In relevant part, La. R.S. 23:1630(A) states:
The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal referee, initiate a review of such decision. The board of review may otherwise allow an appeal from such decision to be filed, within fifteen days after the date of notification or of mailing of a decision of an appeal referee, by any party entitled to notice of such decision, if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party.
This 15-day period is a period of peremption and its running destroys the claim so completely that any right of action ceases to exist and is lost. Jackson v. Office of Employment Sec. , 48,869 (La. App. 2 Cir. 4/9/14), 137 So.3d 180 ; Bullock v. Adm'r, Dep't of Employment Sec. , 628 So.2d 190 (La. App. 2 Cir. 1993) ; Thompson v. Adm'r, Louisiana Office of Employment Sec. , 514 So.2d 723 (La. App. 2 Cir. 1987) ; Jones v. Blache , 480 So.2d 894 (La. App. 2 Cir. 1985). See also Martin v. State Office of Employment Sec. , 554 So.2d 85 (La. App. 3 Cir. 1989), writ denied , 556 So.2d 43 (La. 1990) ; Mack v. Winn Dixie of Louisiana, Inc. , 442 So.2d 756 (La. App. 1 Cir. 1983) ; Delta Air Lines, Inc. v. Brown , 115 So.2d 903 (La. App. Orl. Cir. 1959).
There is a legal presumption that the decision of the ALJ was mailed on the date stated in the decision. Menyweather v. Office of Employment Sec. , 43,170 (La. App. 2 Cir. 4/30/08), 981 So.2d 814.
DISCUSSION
Because she received an acknowledgment of appeal mailed on February 16, 2016 (which pertained to the decision rendered following the first Appeals Tribunal hearing in January 2016), the claimant contends that she did not know that she had to appeal the decision issued after the second Appeals Tribunal hearing, which took place in April 2016. She further claims that, as a lay person, she was not put on notice that she needed to appeal a second time because the second telephone conference and the second decision were basically the same as the first ones. According to the claimant's brief, the district court should have found, as a matter of law, that the appeal from the first Appeals Tribunal decision was sufficient to interrupt the time delays "as it related to any of the proceedings related to this matter." She argues the statutes governing payments of unemployment compensation benefits are to be liberally construed in favor of the employee and to extend benefits as far as possible.
The LWC argues that the district court correctly affirmed the Board of Review's dismissal of the claimant's appeal. Although the claimant apparently filed a *633 timely appeal from the January 2016 Appeals Tribunal decision, that decision was vacated. Thereafter, the claimant participated in the new hearing in April 2016, which resulted in a new decision. The new decision contained instructions for filing a further appeal and warned of the 15-day time limit. Yet the claimant failed to file an appeal from the second decision for approximately a year and a half. The LWC cites the jurisprudence that established that the 15-day period provided in La. R.S. 23:1630 is peremptory and that expiration of the period destroys the claim.
We agree with the position of the LWC and the decisions rendered below by both the Board of Review and the district court. We have carefully reviewed the record and all of the documents and relevant dates. The jurisprudence cited above is well established and has been uniformly consistent in this area. The claimant in this case was fully advised of the appeal delays following her receipt of the two Appeals Tribunal decisions. She failed to timely exercise her appeal rights after the second hearing. The claimant's failure to file an appeal from the April 2016 Appeals Tribunal decision within the 15-day peremptive period established in La. R.S. 23:1630(A) destroyed her claim. Accordingly, we find that the district court decision, which affirmed the Board of Review, was legally correct and fully supported by the record.
We pretermit as unnecessary any discussion of the claimant's other arguments.
CONCLUSION
The district court judgment is affirmed. Costs of this appeal are not assessed. La. R.S. 23:1692 ; Menyweather v. Office of Employment Sec. , supra .
AFFIRMED.