584 So.2d 1187 (1991)
ATLAS PROCESSING COMPANY, Plaintiff-Appellant,
v.
ADMINISTRATOR, DEPARTMENT OF EMPLOYMENT SECURITY and Robert Blake, Defendants-Appellees.
No. 22613-CA.
Court of Appeals of Louisiana, Second Circuit.
August 21, 1991.
*1188 Onebane, Donohoe, Bernard, Torian Diaz, McNamara & Abell by Greg Guidry, Lafayette, for plaintiff-appellant, Atlas Processing Co.
V. Broussard Guillory, Baton Rouge, for defendant-appellee, Office of Employment Sec.
Before LINDSAY, VICTORY and BROWN, JJ.
BROWN, Judge.
After being fired, claimant, Robert Blake, sought unemployment compensation benefits. The Office of Employment Security found claimant was not qualified for benefits because his dismissal was due to misconduct connected with his employment. This initial determination by the Office of Employment Security was reversed by a Board of Review on the recommendation of an Administrative Law Judge (ALJ). The employer, Atlas Processing Company (Atlas), petitioned for judicial review. The district court agreed with the Board of Review's decision and Atlas has appealed.
There is no dispute and in fact claimant admitted that he reported for work under the influence of alcohol and a controlled dangerous substance. It was the opinion of the Board of Review and the trial court that because claimant was not terminated until one month after the incident, the dismissal was not job-related. We disagree and reverse.
LSA-R.S. 23:1634 sets forth the scope of judicial review in an unemployment compensation case. The findings of fact by the Board of Review are conclusive, if supported by sufficient evidence and not tainted by fraud. Thomson v. State of Louisiana, 564 So.2d 756 (La.App. 2d Cir. 1990).
The Board of Review adopted the factual findings of the ALJ which are not disputed and are supported by sufficient evidence. Claimant was employed by Atlas at its lube refinery in Shreveport, Louisiana as a laboratory tester. The plant operations are extremely hazardous due to the flammable and explosive nature of the oil products and chemicals utilized in the refining process. Claimant's job involved quality control testing. His duties included such hazardous functions as boiling gasoline, working with high pressure gases and dangerous *1189 chemicals, driving a vehicle around pipes and pumps on the refinery premises and climbing 40 foot tanks to procure product samples.
Because of these hazardous operations, Atlas had a comprehensive drug and alcohol educational and employee assistance program. Atlas had written rules in its 1981 Employee Handbook prohibiting the use, possession or influence of alcohol or illegal drugs on the work premises. Atlas provided a drug awareness training program to educate employees on substance abuse and how to get help. Atlas also notified employees that if they reported to work under the influence of drugs or alcohol, they were subject to discharge or other disciplinary action. Claimant attended these drug awareness training sessions.
The incident which resulted in claimant's discharge occurred on July 22, 1988.[1] Claimant was scheduled to work the 6:00 p.m. to 6:00 a.m. night shift. Claimant reported to work and exhibited slurred speech, yelled obscenities, used vulgar language, and was seen riding a bicycle in the laboratory. James Zaborowski, Human Resources Director for Atlas, was contacted at home concerning claimant's disruptive behavior and came immediately to the plant. When Zaborowski arrived at the refinery he personally observed signs of intoxication. Based upon this behavior, Zaborowski decided claimant should submit to a blood alcohol and urine drug test conducted in accordance with company policy.
The day following the incident at work, claimant requested and received two days of vacation for July 23 and 24, 1988. Claimant was not scheduled to work on July 25 or July 26, 1988. On July 27, 1988, claimant's next scheduled day of work, he called and informed Atlas that he had admitted himself to an in-patient chemical dependency unit. Atlas immediately issued a letter on July 28, 1988 sending the appropriate medical forms and advising claimant that Atlas should be notified immediately upon his release from the hospital. Claimant was further advised in this letter that his conduct would be evaluated with the possibility of dismissal. Atlas elected to pay for claimant's treatment and proceed with its investigation.
While claimant was hospitalized, Atlas received the test results. The blood alcohol results evince that claimant was legally intoxicated at the time of the test which was four hours after he had reported to work. The urinalysis test indicated positive for cannabinoids.
When released from the hospital on August 25, 1988, claimant informed Atlas he was ready to return to work. Claimant was told to meet with company officials to discuss the incident. This meeting was to allow claimant an opportunity to present his side and to insure the correctness of all facts. On August 29, 1988, Atlas informed claimant by letter that he was fired for reporting to work under the influence of alcohol and drugs.
Although the Board of Review and trial court found that claimant reported to work under the influence of alcohol and drugs, they believed that because Atlas had allowed claimant to continue his employment for one month, his discharge was not for misconduct. This decision is legally unsupportable and clearly wrong.
Our judicial review must be confined to questions of law. The crucial issue is whether claimant's termination approximately one month following his admitted appearance at work under the influence of alcohol and illegal drugs was for misconduct connected with employment. Atlas had a clear written regulation prohibiting reporting to work under the influence of, or being at work under the influence of alcohol or drugs. The regulations set forth *1190 that possible disciplinary action included discharge from employment.
The evidence established that Atlas's regulation was reasonable due to the hazardous conditions on the refinery premises and the necessity of protecting all workers and the surrounding community from possible industrial accidents. Upon being notified by claimant that he was seeking treatment, Atlas elected to maintain him as an employee during this period of treatment and to continue its investigation into the incident. Claimant was immediately notified by letter that his conduct required Atlas to evaluate appropriate disciplinary action. During the course of claimant's treatment, Atlas received test results confirming that claimant had been under the influence of alcohol and a controlled substance. Atlas continued to delay dismissal to allow claimant an opportunity to be heard. Upon claimant's release from treatment and after a review, claimant was promptly discharged. At no time was claimant allowed to return to work following the incident and there was no evidence that claimant was discharged for any reason other than reporting to work under the influence.
The jurisprudence is clear that reporting to work under the influence of alcohol or a controlled substance constitutes misconduct. See Grimble v. Brown, 171 So.2d 653 (La.1965), cert. denied, 382 U.S. 861, 86 S.Ct. 123, 15 L.Ed.2d 99 (1965); Johnson v. Louisiana Pacific Corporation, 573 So.2d 581 (La.App. 2d Cir.1991); Sanders v. Administrator of Office of Employment Security, 520 So.2d 1091 (La. App. 3d Cir.1987), and New Orleans Public Service v. Masaracchia, 464 So.2d 866 (La. App. 4th Cir.1985). Further, LSA-R.S. 23:1601(10)(a) statutorily mandates a finding of misconduct for either on or off the job use of non-prescribed controlled substances. Claimant's admitted action constituted misconduct and the fact that approximately one month passed after the incident before his discharge does not convert that dismissal into something other than misconduct connected with employment. Atlas acted properly in delaying any disciplinary action until receipt of the test results. Further, Atlas's humanitarian act of maintaining claimant as an employee for the duration of his treatment and allowing him an opportunity to present his side should not negate the misconduct. To find otherwise would unfairly prejudice employers and employees by forcing immediate termination of employees suspected of misconduct without the opportunity for a full and complete investigation. The mere passage of a reasonable time may not act to transform the discharge into something other than for misconduct connected with employment.

DECREE
For these reasons the judgment of the trial court is REVERSED and SET ASIDE and judgment is entered herein in favor of Atlas Processing Company finding claimant, Robert Blake, disqualified for unemployment compensation benefits. Costs of this appeal are not assessed. LSA-R.S. 23:1692. Where the employer has prevailed as in this case, costs must be absorbed by the clerk of this court and the clerk and sheriff of the trial court. Melton v. State, Office of Employment Security, 473 So.2d 925 (La.App. 3d Cir.1985).
NOTES
[1] This was not the first time claimant had problems. In February 1988, claimant was arrested for first offense D.W.I. The incident came to the attention of Atlas when claimant asked his supervisor to issue a letter indicating the need of transportation for his job. In May 1988, claimant was observed partially undressed in the laboratory. After an investigation, Atlas issued a disciplinary letter on June 13, 1988 which was placed into claimant's employment file. On June 29, 1988, claimant was counseled by a supervisor to seek assistance through the employee assistance program due to his recent problems with alcohol and erratic behavior.