# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


**06-1479**


**ELIJAH WASHINGTON**

**VERSUS**

**FIRST CHOICE TRUCKING**


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, DOCKET NO. 05-04140
HONORABLE JAMES L. BRADDOCK, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Billy H. Ezell and James T. Genovese, Judges.


**REVERSED AND REMANDED.**

**Elijah Washington**
**P.O. Box 898**
**Campti, LA 71411**
**(318) 476-3249**
**In Proper Person – Plaintiff/Apellant:**
        **Elijah Washington**


**Ernest Smith**
**1303 Circle Drive**
**Coushatta, LA  71019**
**(318) 932-1663**
**In Proper Person – Defendant/Appellee:**
        **First Choice Trucking**

**COOKS, Judge.**

In this workers' compensation case, Elijah Washington filed a disputed claim for compensation against his employer First Choice Trucking, owned by Ernest Smith, on July 8, 2005. In the claim, Mr. Washington set forth the following description of an alleged work-related accident and injury that occurred on September 30, 2004:

> I had a flat on my truck and Ernest Smith's tire man met me on Highway 71 in Campti, LA to fix my tire. When I parked the truck, he was shining his head lights from his truck so I could see my way out of the truck. His head lights blinded me and I slipped on the broken running board hurting my leg, back and broke my sunglasses.

Mr. Washington requested payment of workers' compensation benefits, as well as medical treatment and any necessary vocational rehabilitation services. On July 14, 2005, Mr. Washington's attorney served a request for admissions, interrogatories and production of documents on the employer. No answer was filed by the employer and, on November 22, 2005, counsel for Mr. Washington requested entry of a preliminary default against the employer. The workers' compensation judge (WCJ) denied the request for preliminary default, finding the employer was "not served citation and that the citation was returned unclaimed."

Mr. Washington then filed a motion to appoint a special process server to effect service on the employer, which the WCJ signed. Citation was served on the employer on January 30, 2006. No answer was filed by the employer and on February 16, 2006, Mr. Washington again requested that a preliminary default be entered. On February 27, 2006, the WCJ signed an order granting the preliminary default and a hearing for confirmation of default in accordance with La.R.S. 23:1316.1 was set for March 13, 2006. On March 10, 2006, counsel for Mr. Washington filed a Motion for Continuance, asking that the hearing for confirmation be moved because "he ha[d]

a mediation scheduled for that day and time." The WCJ granted the continuance and reset the matter for March 27, 2006.

On March 27, 2006 the employer filed an answer, denying a work-related accident occurred and further contending that Mr. Washington was not a full-time employee. The employer also stated: "I just don't know any [thing] about him getting hurt on my truck." Trial on the matter was set for July 19, 2006.

On July 7, 2006, the Office of Workers' Compensation received a motion to withdraw from counsel for Mr. Washington, asserting "plaintiff and counsel are unable to agree on important issues in this matter, making it impossible for mover to adequately prepare for the trial of this matter." The motion was granted that day, and Mr. Washington was given thirty days from that date to secure counsel and trial was reset for August 29, 2006.

On August 29, 2006, the matter came for trial at 9:00 a.m. The employer was in court, however, Mr. Washington was not in attendance, nor had he requested a continuance. Finding the record reflected Mr. Washington had received both notice of his counsel's withdrawal and of the trial date by certified mail, the WCJ dismissed the suit for failure to appear. The record reflected the proceedings were concluded at 9:15 a.m.

At 9:40 a.m. that same date the WCJ went back on the record to note Mr. Washington was now present in the courtroom. The following colloquy took place between the WCJ and Mr. Washington:

JUDGE BRADDOCK:
    Mr. Washington, your matter was set for trial at 9:00 a.m. today.

MR. WASHINGTON:
    We got lost on the way over here.

JUDGE BRADDOCK:
    Your matter was set for 9:00 a.m. today. Mr. Ernest Smith was

here for your trial at 9:00 a.m. We waited until about 9:20 before we called your matter in for trial. We called for you, and you were not present. Mr. Smith was present. And because the case was set for 9:00 a.m., which meant you were supposed to be here for 9:00 a.m., and if you couldn't be here, you should have contacted us to let us know of the reasons why you couldn't make it and when you thought you might, you know, be arriving. And since you were not here at the time your matter was scheduled for trial and Mr. Smith was here, I dismissed your case.

MR. WASHINGTON:
    Huh?

JUDGE BRADDOCK:
    I dismissed your case.

MR. WASHINGTON:

    I called twice. I was turning around trying to get here. I called twice.

JUDGE BRADDOCK:
    Well, no one ever gave me a message. And my staff, sir, always gives me a message when people call. So all I'm telling you is, your case was set for 9:00. You were supposed to be here for 9:00. You were not here for 9:00. The person you sued was here like he was supposed to be. Since you were not here, I dismissed your case. There will be a judgment coming to you in the mail that says your case against First Choice Trucking and Ernest Smith has been dismissed. You can appeal to the court of appeal and say that I dismissed your case improperly and see if they will send it back. That's the only options you have right now.

MR. WASHINGTON:
    Okay. Well, what about all the times I came down here and Ernest Smith wasn't here?

JUDGE BRADDOCK:
    That's what got you to today's trial.

MR. WASHINGTON:
    So where do I go to get it appealed?

JUDGE BRADDOCK:
    Well, wait until you get the paperwork in the mail. The paperwork will tell you. You have to go to - -

MR. WASHINGTON:
    This thing has been going on for two years.

JUDGE BRADDOCK:

- - the Third Circuit Court of Appeal in Lake Charles to appeal your case.

MR. WASHINGTON:
Okay, but I talked to your lady, there, in front – I talk to her twice to let her know I was turned around trying to get here.

JUDGE BRADDOCK:
Well, no one let me know that. And my staff always lets me know when people call in or are running late or having problems or whatever and no one told me.

MR. WASHINGTON:
Okay.

JUDGE BRADDOCK:
Okay, Mr. Washington.

An Order of Dismissal was entered on August 29, 2006 Judgment dismissing Mr. Washington's suit. This appeal followed.

## ANALYSIS

We initially note Mr. Washington is appearing before this court in proper person. His brief simply sets forth a recitation of the facts surrounding the alleged work-related accident, and does not address the issue of whether the WCJ's dismissal of his suit was proper. Mr. Washington's "brief" is clearly not in compliance with the requirements of the Uniform Rules, Courts of Appeal, Rule 2-12.4. It has no assignments of error, no record references, no briefing of arguments, no certificate of service, and no jurisdictional statement. However, the courts of this State have considered briefs in improper form when filed by *pro se* claimants.

In *St. Agnes Health/Rehabilitation Center v. Ledet*, 00-2023 (La.App. 3 Cir. 3/21/01), 782 So.2d 1145, the claimant represented herself and filed a brief in improper form. This court decided to consider the merits of her appeal, despite the lack of proper form, stating (citations omitted):

> We are aware that Ledet is not a lawyer and, as such, not trained, educated, and experienced in the law. We are also cognizant of a

-4-

citizen's right to have access to the court of this state including her right to have her case reviewed by an appellate court. Accordingly, we prefer to look to substance rather than form, in reviewing cases presented to us by lay persons.

Accordingly, because Mr. Washington is representing himself, we have considered the merits of his appeal, despite the improper form of his appellant brief.

The WCJ's Order of dismissal states that the dismissal is "pursuant to Hearing Rule R.S. 23:1310.1, Section 5705 A (4) of this office." The Office of Workers' Compensation Hearing Rule 5705 (emphasis added) provides in pertinent part:

Section 5705. Abandonment

*A. A claim may be dismissed by an ex parte order of the judge for lack of prosecution for the following reasons*:

(1) Where no service of process and/or mediation has occurred within sixty (60) days after the Form LDOL-WC-1008 has been filed;

(2) Where no responsive pleadings have been filed and no default has been entered within sixty (60) days after service of process;

(3) Where a claim has been pending six (6) months without proceedings being taken within such period. This provision shall not apply if the claim is awaiting action by the workers' compensation court; or

*(4) Where a party fails to appear for a properly noticed conference or trial.*

....

*C. Dismissal under this Rule shall be without prejudice. Any order of dismissal shall allow for reinstatement of the action within thirty (30) days for good cause shown.*

The order of dismissal was accompanied by a notice of judgment informing the parties of their right to file a suspensive appeal within thirty days or a devolutive appeal within sixty days. It did not reflect that the dismissal was without prejudice nor that the claim could be reinstated within thirty days for good cause shown, as is provided for in Section 5705C. Mr. Washington, unaware that he could reinstate his claim within thirty days for good cause shown, did not seek reinstatement of his

-5-

claim, but rather filed an appeal to this court.

Because Mr. Washington did not seek reinstatement in the Office of Workers' Compensation, the issue of "good cause" was never submitted to the WCJ. However, given the unrepresented claimant's limited understanding of these proceedings, we find the interests of justice require that we consider this issue. We further find the record does support reinstatement for good cause. Mr. Washington's action was dismissed because he was approximately thirty to forty minutes late for his trial. He explained his lateness by stating he was lost. No evidence was presented to show the excuse he articulated was fabricated. He has at all times diligently pursued his claim. There is nothing in the record to suggest his tardiness on the morning of trial was not the result of an unintentional error in locating the building where the hearing was scheduled to commence. Therefore, the judgment of Office of Workers' Compensation dismissing Mr. Washington's suit is reversed and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**