PEATROSS, J.
|, This appeal is from a judgment of involuntary dismissal based on the failure of the plaintiff to appear for trial on the plaintiffs petition to disqualify a candidate for elective office. For the following reasons, we reverse the trial court’s decision and remand for further proceedings.
FACTS
On August 20, 2009, plaintiff, Gregory Taylor filed a petition seeking to disqualify defendant, Del Johnson, as a candidate for Justice of the Peace in Ward Eight of Caddo Parish. Taylor asserted that Johnson had attained the age of 70 at the time of qualification in violation of La. R.S. 13:2582(A)(2)(a). In response to Taylor’s petition, the trial court issued an order requiring Johnson to be cited to appear and to show cause why he should not be declared ineligible as a candidate. The order, signed by the Honorable Roy Brun on August 21, 2009, set the hearing for 9:00 a.m. on August 24, 2009.
The transcript of the hearing shows that when the case was called, Johnson was present in proper person, along with the attorney representing the Caddo Parish *195 Clerk of Court, Gary Loftin; neither Taylor, nor Taylor’s attorney was present. Johnson moved to have the matter dismissed, and the trial again called for Taylor or anyone on his behalf. When there was no response, the court instructed the bailiff to “sound the hall,” and the bailiff subsequently indicated that there was no response in the hall. At that point, the trial court dismissed the case. At 4:00 p.m. that afternoon, the trial court signed a judgment involuntarily dismissing the suit for failure of the |aplaintiff to appear. The judgment indicated that the dismissal in court had occurred at 9:20 a.m.
Later that day, Taylor’s counsel filed a pleading entitled, “Motion to Correct Manifest Error.” The motion acknowledged that the hearing had been set for 9:00 that morning, and asserted that the matter was assigned to Division B for trial. Counsel asserted that he arrived at the Caddo Parish Courthouse and stood in line to enter through security; however, counsel did not assert what time he arrived at the courthouse. Counsel further asserted that after clearing security, he went to Courtroom B where he discovered the matter was to be heard by the Honorable Roy Brun, and that counsel then waited approximately 15 minutes for the elevator to the fourth floor where Judge Brun was located. Counsel additionally asserted that he did not know why the elevators were so slow, that the fourth floor could not be reached by stairs, and that he arrived on the fourth floor at approximately 9:30 where he learned the petition had been dismissed. Counsel asserted he was fully prepared to demonstrate that Johnson was not qualified for office and that it was a manifest abuse of discretion to not allow Taylor the opportunity to show that Johnson was not qualified.
Later that afternoon, Judge Brun denied the motion without a hearing. Taylor timely appealed.
TAYLOR’S ARGUMENTS ON APPEAL
Taylor asserts on appeal that the trial court erred in involuntarily dismissing the case under the circumstances. Taylor argues that under the provisions of La. R.S. 18:1409, the trial had to begin no later than |s10:00 a.m. on the fourth day after the petition was filed, and that, accordingly, the trial court in this case could have waited until 10:00 a.m. to dismiss the suit. He asserts that if the trial court had waited until 9:31 a.m., his counsel would have been present. Furthermore, he asserts that counsel was attempting to appear, but could not reach the fourth floor until 9:30 a.m. because of elevator problems, and that if counsel had known ahead of time that Judge Brun was hearing the matter, “more likely than not, [counsel] would have been present for the hearing on the rule timely.”
Taylor cites Washington v. First Choice Trucking, 06-1479 (La.App. 3d Cir.3/7/07), 953 So.2d 107, in which the appellate court reversed a decision dismissing a worker’s compensation claimant’s case when he was approximately 30-40 minutes late for trial. In that case the appellate court noted that the claimant explained his lateness by stating he was lost, that no evidence was presented to show the excuse was fabricated, and that the claimant at all times had diligently pursued his claim.
Taylor also argues that La. C.C.P. art. 1672(A) provides “that the matter may be dismissed when any party makes a motion to dismiss on the day the matter is set for trial. Counsel for the plaintiff appeared on the day the matter was set for trial.” Taylor then argues that the definition of “day” is not found in the statutory law, that the word should be construed with common meaning, and that plaintiffs coun *196 sel did appear on the day of trial, prior to 10:00 a.m., ready to prosecute the action.
^DISCUSSION
Contrary to Taylor’s argument, Article 1672(A) does not say that when any party makes a motion to dismiss, the matter may be dismissed; Article 1672(A) states that a judgment dismissing an action shall be rendered upon application of any party when the plaintiff fails to appear on the day set for trial. Furthermore, the article does not mean that a trial court must wait until the end of the day before dismissing the action. Judge Brun, pursuant to the prayer of Taylor’s petition, set this matter for 9:00 a.m. on August 24, 2009. When neither Taylor nor his counsel appeared at that time, or after the court waited an additional 20 minutes, the court dismissed the action.
It is well settled in the jurisprudence that the trial court’s dismissal of a cause of action based upon plaintiffs failure to appear for trial will not be reversed on appeal absent a showing that the trial court abused its discretion. Keyes v. Johnson, 542 So.2d 209 (La.App. 3d Cir.1989), writ denied, 546 So.2d 1215 (La.1989). Furthermore, under La. R.S. 18:1409(1), no application for a new trial or for a rehearing shall be entertained by any court in an action objecting to candidacy, but a court, upon its own motion, may correct manifest error to which its attention is called. Thus, the essential question in this case is whether the trial court abused its discretion, under the facts presented, in dismissing the action and denying any relief, via correction of manifest error, after reviewing counsel’s explanation for his tardy appearance.
| .^Initially, we note that each case of involuntary dismissal must turn on its own facts. We further note that Article 1672(A) mandates that the judgment of dismissal be with or without prejudice. In this case, the judgment did not specify whether it was with or without prejudice, but we conclude that because of the time delays imposed by law, as a practical matter this dismissal was with prejudice.
Next we note that this case is not one simply between two litigants over matters of importance only to them; this is a case impressed with the public interest because it involves candidacy for public office. Thus, with the very strict, short time delays already applicable to the litigants, and the public’s stake in seeing that justice is done, a trial court should not exercise its discretion too narrowly so as to prevent an election case from being heard on its merits. Nor is this a longstanding case in which plaintiff or plaintiffs counsel had been dilatory in the past.
The trial court here did not give any reasons for or conduct a hearing before denying plaintiffs request to “correct manifest error.” As a result, there is nothing to indicate that the court questioned the veracity of plaintiff’s counsel’s explanation; the court may simply have found the explanation not to change the court’s mind on the dismissal. Furthermore, in light of the law’s statement that no application for a new trial or for a rehearing shall be entertained, the trial court might have concluded that its power to correct manifest error was limited to the state of the case at the time the order of dismissal was rendered. However, we conclude that the prohibition against new trial motions and motions to reconsider is aimed at | (¡expediting and not delaying the course of justice in an election case. The prohibition is not designed to keep a trial court from correcting an injustice when the facts and circumstances indicate that an injustice otherwise would occur.
In light of the foregoing discussion, we conclude that the trial court abused its *197 discretion in this case in entering what amounted to a dismissal with prejudice in this election case. Plaintiffs counsel undoubtedly should have gotten an earlier start for the courthouse, but apparently arrived at or very close to the time set for the hearing. Counsel then apparently went to the wrong courtroom, allegedly because the case was set there, only to learn that the case was in another courtroom that only could be accessed by elevators that were having problems such that counsel could not get to the correct courtroom for another fifteen minutes. Under the circumstances, we have no reason to doubt counsel’s veracity in the trial court or before this Court. Accordingly, while the situation presented below does appear to be due in part to poor decisions by plaintiffs counsel, it also seems to be the result of circumstances that aggravated what otherwise should have been a much shorter period of tardiness. Dismissal with prejudice, especially in a case impressed with the public interest, is a harsh remedy, and one that we conclude was too harsh under the circumstances reviewed above. In so concluding, we in no way sanction counsel’s dilatory and unprofessional behavior in preparing to represent his client in court in this matter.
|7CONCLUSION
For the reasons set forth above, the trial court’s dismissal is hereby reversed and the matter remanded to the trial court for the holding of a hearing on the plaintiffs candidacy challenge no later than 2:00 p.m., Monday, August 31, 2009.
REVERSED AND REMANDED.
BROWN, C.J., dissents for reasons assigned by STEWART, J.
STEWART, J., dissents with written reasons.