STEWART, J.,
dissenting.
11 Election cases are highly expedited matters in which strict time delays apply. The public interest is served when our judicial system is able to quickly and efficiently resolve disputed elections. Counsel for the plaintiff did not appear in court at the appointed time and does not assert that he did not know that the matter was set for a hearing at 9:00 a.m. on August 24, 2009. La. C.C.P. art. 1672(A)(1) provides that a judgment of dismissal shall be rendered upon application of any party when the plaintiff fails to appear on the day set for trial. This article does not mean that the trial court must wait until the end of the day for the plaintiff to appear. Matters are not set for trial by day only; they are set for a particular day and time. The trial court did not abuse his discretion or act in manifest error by dismissing plaintiffs suit when he failed to appear at 9:00 a.m., or for an additional 20 minutes after the time set for the hearing.
We observe that no one else appeared to have a problem arriving at the courtroom on time. While counsel for plaintiff appears to have asserted below and to now assert here that the matter was to be heard in one section of the court, but was changed to another section, counsel offered no explanation or support for this assertion. We note that the order setting the hearing was signed by Judge Brun, the same judge before whom the hearing was set. Notably, the defendant’s response explains that he verified the location of the courtroom where the hearing was to be held at an information desk after clearing security.
|?In any event, while plaintiffs counsel does not state when he arrived at the courthouse or how long it took him to clear security, he does indicate that it took him 15 minutes to get from Courtroom B to Judge Brun’s court. However, he does not *198 indicate that he even arrived timely at Courtroom B where he apparently believed the hearing was to occur. There is no excuse, other than not starting to the courthouse on time, for his tardy arrival. Though counsel notes that he was present in the correct courtroom at 9:30, which he says is the time Court normally begins, he admits and the order shows that the matter was set for 9:00 a.m. Most likely, an earlier setting was made so as to expedite this matter before beginning the day’s regular docket. Even though he was clearly aware of the earlier setting, counsel took no steps to call the courtroom or ask a bailiff to notify the court that he was in the building and making his way to the courtroom. Finally, we note that this is not a ease like Washington v. First Choice Trucking, 06-1479 (La.App. 3d Cir.3/7/07), 953 So.2d 107, where the plaintiff was lost and could not find the court. Even though the remedy may be harsh, there is no showing of an abuse of discretion or manifest error by the trial court.
For these reasons, I respectfully dissent.