PEATROSS, J.
 

 Lin this unemployment benefits dispute, Appellant, Jerry W. Baughman, initially received unemployment benefits from' his former employer, Covenant Transport, Inc. (“Covenant”). Covenant then appealed Mr. Baughman’s unemployment benefits award to an Administrative Law Judge who terminated the award. Mr. Baugh-man appealed the ALJ’s ruling to the Louisiana Workforce Commission (“the Commission”) who dismissed Mr. Baughman’s claim.
 

 Mr. Baughman appealed the Commission’s decision 27 days later, which was 12 days after the 15-day deadline for appeal had elapsed pursuant to La. R.S. 23:1630. Appellees filed an exception of peremption arguing that Mr. Baughman’s appeal was untimely. Agreeing with Appellees, the trial judge sustained the exception and Mr.
 
 *1088
 
 Baughman now appeals. For the reasons stated herein, we affirm.
 

 FACTS
 

 In 2008, Mr. Baughman was an unemployment benefits recipient to be paid by his former employer, Covenant. In late 2008, Covenant appealed the unemployment benefits award to the ALJ which determined that Mr. Baughman was not entitled to unemployment benefits and that he had, in fact, received an overpayment of benefits. The ALJ then terminated the award but did not require Mr. Baughman to repay the benefits since he had not acted fraudulently. Mr. Baughman then appealed the ALJ’s ruling to the Commission which subsequently dismissed Mr. Baughman’s claim.
 

 The Commission mailed a copy of its decision dismissing Mr. Baughman’s claim for unemployment benefits to his mailing address on |2Pecember 24, 2008. During this time, Mr. Baughman had returned to work as a truck driver and, thus, was often out of town and rarely returned to his residence. Mr. Baughman’s son, Kevin Baughman, who resides with Mr. Baugh-man, received the letter from the Commission on December 27, 2008. Kevin called Mr. Baughman on the day he received the letter from the Commission and read the contents of the front page of the letter to Mr. Baughman over the phone. Kevin did not, however, read to Mr. Baughman the contents on the back of the letter which contained information regarding the 15-day deadline to appeal the Commission’s decision.
 

 After becoming apprised of the Commission’s decision denying his claim, Mr. Baughman called the Commission office several times over the next couple of weeks. Mr. Baughman did not formally appeal the Commission’s decision dismissing his claim until January 20, 2009. As previously stated, once Mr. Baughman finally filed his appeal with the district court, the trial judge presiding over the matter granted the Commission’s exception of peremption on the grounds that the appeal was untimely because it was filed 12 days after the 15-day deadline pursuant to La. R.S. 23:1630.
 

 Mr. Baughman now appeals the trial judge’s ruling.
 

 DISCUSSION
 

 In his sole assignment of error, Mr. Baughman argues that the trial judge erred in granting the Commission’s exception of peremption. In support of this contention, Mr. Baughman asserts that the Commission pfailed to give him proper instructions on the procedure to appeal its decision denying his claim. Additionally, Mr. Baughman urges this court to exercise
 
 de novo
 
 review of the trial court’s ruling granting the Commission’s exception.
 

 Primarily relying on La. R.S. 23:1630(B) and citing various applicable case law in support thereof, the Commission argues that Mr. Baughman’s appeal was untimely; and, thus, the trial judge properly granted their exception of peremption. The Commission further contends that it did not err in its administrative role or capacity to provide correct and timely instructions to Mr. Baughman with regard to the procedure to appeal. We agree.
 

 La. R.S. 23:1630(B) provides:
 

 B. The board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date an appeal is received or initiated by the board. Should the board of review, within sixty days from the date an appeal is received or initiated, direct that additional evidence be taken,
 
 *1089
 
 the board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date it receives the additional evidence.
 
 Such decision shall be final unless, within fifteen days after the mailing of notice thereof to the party’s last known address, or, in the absence of such mailing, within fifteen days after the delivery of such notice, a proceeding for judicial review is initiated pursuant to R.S. 23:1634.
 
 Upon denial by the board of review of an application for appeal from the decision of an appeal referee, the decision of the appeal referee shall be deemed to be a decision of the board of review within the meaning of this Section for purposes of judicial review and shall be subject to judicial review within the time and in the manner provided for with respect to decision of the board of review, except that the time for initiating such review shall run from the date of notice of the order of the board of review denying the application for appeal. (Emphasis added).
 

 |_,La. R.S. 23:1634(A) provides:
 

 A.
 
 Within the time specified in R.S. 23:1630,
 
 the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. If the claimant is not domiciled in Louisiana at the time for filing a petition for review, the petition or request for review may be filed in the district court of the parish in which the claimant was domiciled at the time the claim was filed or in the parish in which the Louisiana Workforce Commission is domiciled. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant. (Emphasis added.)
 

 In a proceeding for judicial review of an agency determination of unemployment compensation benefits, “the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” La. R.S. 23:1634(B);
 
 Banks v. Administrator,
 
 393 So.2d 696 (La.1981);
 
 Menyweather v. Office of Employment Security,
 
 43,170 (La.App.2d Cir.4/30/08), 981 So.2d 814. Judi
 
 *1090
 
 cial review does not permit the weighing of evidence, drawing of inferences, re-evaluation of the evidence or substituting the views of this court for those of the board as to |Bthe correctness of facts.
 
 Menyweather, supra; Lafitte v. Rutherford House Inc.,
 
 40,395 (La.App.2d Cir. 12/14/05), 917 So.2d 684.
 

 Appeal from the Commission’s decision is permitted “within fifteen days after the date of notification or of mailing of a decision of an appeal referee, by any party entitled to notice of such decision, if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party.” La. R.S. 23:1630(A).
 

 La. C.C. art. 3458 provides that “[p]er-emption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.” “Peremption may be pleaded or supplied by the court’s own motion.” La. C.C. art. 3460.
 

 The courts of this state have recognized that the 15-day period provided by La. R.S. 23:1630 is a peremptive period.
 
 Bullock v. Administrator, Dept. of Employment Sec.,
 
 628 So.2d 190 (La.App. 2d Cir.1993);
 
 Town of New Llano, La. v. Hunt,
 
 02-1385 (La.App. 3d Cir.3/5/03), 839 So.2d 1161. The expiration of the period “destroys the claim so completely that any right of action ceases to exist and is lost.”
 
 Bullock, supra.
 

 The Commission mailed a copy of its decision dismissing Mr. Baughman’s claim for unemployment benefits to his mailing address on December 24, 2008. Mr. Baughman does not dispute this fact and further admits that his son received the letter at Mr. Baughman’s residence on December 27, 2008, the contents of which were read aloud to Mr. Baughman over the phone. Furthermore, the Commission’s letter to |fiMr. Baughman clearly informed him of his right to appeal, the procedure through which to do so and the 15-day deadline after which he would lose his right to appeal.
 

 Accordingly, we find no error in the trial court’s ruling sustaining Appellees’ exception of preemption. Due to the expiration of the 15-day period prior to Mr. Baugh-man’s filing for judicial review with the district court, the action was untimely. As stated above, the expiration of the period extinguished Mr. Baughman’s claim in full.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court granting Appellees’ exception of peremption pursuant to La. R.S. 23:1630 is affirmed. Costs of this appeal are not assessed. La. R.S. 23:1692. Where the employer has prevailed as in this case, costs must be absorbed by the clerk of appropriate court.
 
 Atlas Processing Co. v. Administrator, Dept. of Employment Sec.,
 
 584 So.2d 1187 (La.App. 2d Cir.1991);
 
 Melton v. State, Office of Employment Sec.,
 
 473 So.2d 925 (La.App. 3d Cir.1985).
 

 AFFIRMED.