STEWART, J.
hln this unemployment benefits dispute, Claimant Christiner Yolanda Jackson appealed the decision of the Louisiana Workforce Commission’s (“the Commission”) 111 days after it was mailed to her last known address. After the Commission determined that the appeal was untimely, Ms. Jackson appealed its decision to the Louisiana Workforce Commission Appeals Tribunal (“the Appeals Tribunal”), 21 days later. Ms Jackson then appealed to the Louisiana Board of Review (“the Board”), which determined that she filed an untimely appeal, and dismissed her claim. Ms. Jackson appealed the Board’s judgment at the district court. It found that Ms. Jackson’s appeal was untimely, and affirmed the Board’s decision. For the reasons stated herein, we affirm.
FACTS AND PROCEDURAL HISTORY
Ms. Jackson was employed as an optometry assistant at Wal-mart from April 10, 2010, to April 4, 2012, at which time she was discharged for misconduct related to her performance. On April 4, 2012, Ms. Jackson filed an Internet application for unemployment compensation (“UI”) benefits.
From April 12 to April 24, 2012, she worked at Servicemaster Action Cleaning (“Servicemaster”). Ms. Jackson was assigned to clean a building for four hours a week. She quit her job at Servicemaster, and the separation notice submitted to the Commission indicated that she was dissatisfied with the number of hours she was working. Servicemaster submitted a letter to the Commission, stating that Ms. Jackson was informed of her hours at the time she was hired, and that no changes were made while she was employed there.
| gAfter determining that Ms Jackson was not entitled to unemployment benefits, it mailed its notice of claim determination on June 7, 2012, to the address that Ms. Jackson provided in her application for UI benefits. Ms. Jackson denied ever receiving this notice, stating that she did not learn of the disqualification until she called the Commission on September 26, 2012.
On September 26, 2012, Ms. Jackson appealed the denial to the Appeals Tribunal. After a October 25, 2012, telephone hearing, the Appeals Tribunal affirmed the Commission’s decision to deny Ms. Jackson’s unemployment benefits. It found that she delayed filing her appeal until after the 15-day appeal period pursuant to La. R.S. 23:1629.
On November 16, 2012, Ms. Jackson appealed to the Board pursuant to La. R.S. 23:1680 of the Louisiana Employment Security Law. After determining that she filed an untimely appeal, the Board did not rule on the merits of the case and dismissed her claim. This decision was mailed on October 26, 2012.
Ms. Jackson then filed a petition for judicial review at the district court, appealing the Board’s decision. The district court found that Ms. Jackson’s appeal to the Board was untimely and affirmed the Board’s decision.
Ms. Jackson has filed the instant pro se appeal.
LAW AND ARGUMENT
The brief of the appellant shall set forth, inter alia, a specification or assignment of alleged errors. URCA Rule 2-12.4. We note that Ms. Jackson’s “brief’ simply sets *182 forth her recollection of facts surrounding the denial of her unemployment benefits. It fails to specify or assign any errors, |shas no briefing of arguments, no jurisdictional statement, and is technically out of compliance with Rule 2-12.4. Cheatham v. Luberski, Inc., 43,603 (La.App.2d Cir.9/17/08), 996 So.2d 373; Washington v. First Choice Trucking, 06-1479 (La.App.3d Cir.3/7/07), 953 So.2d 107, 953 So.2d 107; Costales v. Turner Indus., 05-36 (La.App. 5th Cir.5/31/05), 905 So.2d 410, writ denied, 2005-1707 (La.1/9/06), 918 So.2d 1056. In light of her pro se status, however, this court will attempt to discern the substance of arguments and treat them as though properly raised.
We believe that the basis of Ms. Jackson’s argument is that the Appeals Tribunal and the Board erroneously determined that her claim was untimely. Further, she is asserting that the district court erred in affirming the Board’s decision. Therefore, we must determine whether the Appeals Tribunal and the Board’s decision to dismiss Ms. Jackson’s appeal due to untimeliness was supported by sufficient competent evidence pursuant to the relevant law.
With respect to the right to appeal a determination of eligibility to an appeal tribunal, La. R.S. 23:1629(A)(1) provides in pertinent part:
Within fifteen days after notification was given or was mailed to his last known address, the claimant or any other party entitled to notice of a determination may file an appeal from such determination with an appeal referee either by mailing such appeal, as evidenced by the postmarked date, or by delivering such appeal. (Emphasis added.)
Further, La. R.S. 23:1630(A) and (B) states in part:
A. The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision. The board of review may otherwise allow an appeal from such decision to be filed, within fifteen days after the date of notification or of mailing of a decision of an appeal referee, by |4any party entitled to notice of such decision, if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party. (Emphasis added.)
B. The board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date an appeal is received or initiated, direct that additional evidence be taken, the board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date it receives additional evidence. Such decision shall be final unless, within fifteen days after the mailing of notice thereof to the last knoum address, or, in the absence such mailing, within fifteen days after the delivery of such notice, a proceeding for judicial review is initiated pursuant to R.S. 23:1631. (Emphasis added.)
In a proceeding for judicial review of an agency determination of UI benefits, “the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” La. R.S. 23:1634(B); Menyweather v. Office of Employment Sec., 43,170 (La.App.2d Cir.4/30/08), 981 So.2d 814; Banks v. Administrator, 393 So.2d 696 (La.1981). Judicial review does not permit the weighing of evidence, drawing of inferences, re-evaluation of the evidence, or substituting the *183 views of this court for those of the board as to the correctness of facts. Menyweather, supra; Lafitte v. Rutherford House, Inc., 40,895 (La.App.2d Cir.12/14/05), 917 So.2d 684.
Appeal from the Commission’s decision is permitted “within fifteen days after the date of notification or of mailing of a decision of an appeal referee, by any party entitled to notice of such decision, if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party.” La. R.S. 23:1630(A). Peremption is a period of time fixed by | slaw for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Peremption may not be renounced, interrupted or suspended. La. C.C. art. 3461. The courts of this state have recognized that the 15-day period provided by La. R.S. 23:1630 is a per-emptive period. Baughman v. Covenant Transport, 45,122 (La.App.2d Cir.4/14/10), 34 So.3d 1087; Bullock v. Administrator, Dept. Of Employment Sec., 628 So.2d 190 (La.App. 2d Cir.1993). The expiration of the period “destroys the claim so completely that any right of action ceases to exist and is lost.” Bullock, supra.
The Commission mailed its decision on June 7, 2012, but Ms. Jackson denied ever receiving this notice, stating that she did not learn of the disqualification until she called the Commission on September 26, 2012. However, the record indicates that the Commission’s notice of claim determination was mailed on June 7, 2012, to the address she provided in her application for UI benefits. Pursuant to La. R.S. 23:1629, she had 15 days from that date to appeal the determination to the Appeals tribunal. As stated above, the period for appeal under this section, and La. R.S. 23:1630, is one of peremption, not prescription, and its running destroys the claim so completely that any right of action of appeal ceases to exist and is lost. Jefferson v. State, 573 So.2d 639 (La.App. 2nd Cir.1991). Ms. Jackson didn’t file her appeal with the Appeals Tribunal until September 26, 2012, which was 111 days later. Therefore, the Appeals Tribunal did not err in determining that her claim was untimely pursuant to La R.S. 23:1629, dismissing her appeal. Further, the Appeals Tribunal decision was mailed Ron October 26, 2012, but Ms. Jackson did not file her appeal with the Board until November 16, 2012, which was 21 days after the decision was mailed. Again, the Board did not err in determining that her claim was untimely pursuant to La. R.S. 23:1630.
Ms. Jackson’s filed her appeal to the Appeals Tribunal 111 days after the decision was mailed. She then filed her appeal to the Board 21 days after the decision was mailed. She failed to file a timely appeal on both occasions, and the jurisprudence in this area is well established. After reviewing the record in its entirety, we find that the evidence supports the district court’s decision to affirm the Board’s decision that Ms. Jackson’s appeal was untimely. Ms. Jackson no longer had a right of action, and the expiration of the period extinguished her claim in full. Therefore, her argument is without merit.
CONCLUSION
For the reasons set forth herein, the district court’s decision is affirmed. Costs of the appeal are not assessed. La. R.S. 23:1692. Where the employer has prevailed as in this case, costs must be absorbed by the clerk of appropriate court. Baughman, supra; Atlas Processing Co. v. Administrator, Dept. Of Employment Sec., 584 So.2d 1187 (La.App. 2d Cir.1991).
AFFIRMED.