WHIPPLE, C.J.
| pin this action to recover unemployment compensation benefits, claimant appeals the district court’s judgment that maintained the exception of peremption filed by the Administrator of the Louisiana Workforce Commission, Office of Unemployment Insurance Administration (“the Louisiana Workforce Commission”) and dismissed with prejudice claimant’s petition for judicial review. For the following reasons, we affirm.
*328 FACTS AND PROCEDURAL HISTORY
Claimant, Abbie L. Freeman, was discharged from her employment at the Florida Parishes Juvenile Detention Center on June 21, 2013, and she subsequently filed a claim for unemployment benefits on June 24, 2013. Thereafter, by notice mailed on July 10, 2013, the Louisiana Workforce Commission notified claimant that she had been disqualified from receiving unemployment benefits because she was discharged from her employment “for misconduct connected with the employment.” See LSA-R.S. 23:1601(2)(a).
Claimant appealed the denial to the Louisiana Workforce Commission Appeals Unit. On September 5, 2013, a Notice of Telephone Hearing was mailed to claimant at the address she had provided in her original claim for benefits. In the notice, claimant was advised that a hearing for her appeal was scheduled for September 19, 2013 at 8:15 a.m., that the hearing would be conducted by telephone, that the administrative law judge (ALJ) would contact her on that date and time at the telephone number listed on the notice, and that any request to postpone the hearing must be faxed or mailed and should be received by the ALJ at least three business days before the | shearing date.[1] The notice further provided that “[i]f the party who filed the appeal is not available when called, their [sic] appeal will be dismissed.”
On the scheduled hearing date, the ALJ attempted to contact claimant by telephone, but claimant did not answer. Upon being forwarded to an automatic voice message system, the ALJ left a message informing claimant that he was contacting her for the scheduled hearing and that he would attempt to call her back in a few minutes. Several minutes later, the ALJ attempted to call claimant a second time, but she again did not answer. At that time, the ALJ left another message informing claimant that because she had not answered at the scheduled date and time of the hearing, he would hold her in default and dismiss the appeal. Accordingly, by Decision mailed on September 20, 2013, the ALJ found claimant to be in default and dismissed claimant’s appeal due to her *329 failure to respond to the telephone call for the scheduled September 19, 2013 hearing. See LAC 40:IV. § 118(A)(3)(B) (“If the appellant, who is the party who files the appeal before the Appeals Tribunal, fails to appear or fails to be available to ^participate in a telephone hearing within 15 minutes after the scheduled hearing time, the administrative law judge shall order the appellant in default and issue a dismissal of appeal”).
On September 27, 2013, claimant’s attorney emailed the Louisiana Workforce Commission to inquire about the status of claimant’s appeal. The email was treated as a request to reopen the hearing, and the request was denied. Claimant then timely appealed the ALJ’s Decision to the Board of Review. In its Decision and Order, the Board of Review upheld the ALJ’s decision, finding that claimant had failed to appear at the scheduled hearing after receiving proper notice. The Board of Review’s Decision and Order indicates that it was mailed to the parties on October 8, 2013.
Thereafter, on November 5, 2013, claimant filed a Petition for Judicial Review in the district court, seeking reversal of the Board of Review’s decision.[2] The Louisiana Workforce Commission filed a peremptory exception raising the objection of peremption, contending that claimant’s petition, filed more than fifteen days after the mailing of the Board of Review’s decision, was untimely, and, thus, the decision of the Board of Review became final. Accordingly, the Louisiana Workforce Commission sought dismissal of claimant’s suit for judicial review.
In response to the exception, claimant contended that neither she nor her attorney received notice of the Board of Review’s decision and that she was not aware that the Board of Review had issued its decision until November 1, 2013, when her attorney contacted the Louisiana Workforce 1 ^Commission and a copy of the decision was then mailed to her attorney.[3] Thus, she contended that her petition for judicial review, filed on November 5, 2013, was timely.
A hearing on the exception was conducted on May 19, 2014. At the hearing, counsel for claimant, while acknowledging that there was no statutory requirement that he, as claimant’s attorney, be notified of hearing dates or decisions, argued that it was the practice of the Louisiana Workforce Commission, if it was aware that a claimant was represented by counsel, to mail notices to the attorney. Accordingly, he argued that peremption should not apply.
Following the hearing, the district court rendered judgment on May 22, 2014, maintaining the exception of peremption and dismissing with prejudice claimant’s demands against the Louisiana Workforce Commission. From this judgment, claimant appeals, contending that the district court erred in: (1) failing to realize that LSA-R.S. 23:1630(B) creates a rebuttable *330 presumption that the decision of the Board of Review was mailed on the date indicated; (2) failing to consider uncontradicted evidence in the record that rebutted the presumption that the decision of the Board of Review was mailed on the date indicated; and (3) failing to consider that notice to counsel was required by law.
DISCUSSION
Judicial review of the Board of Review’s decision in an unemployment compensation matter is authorized by LSA-R.S. 23:1634(A), which provides, in pertinent part, as follows:
| ¿Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant.... [Emphasis added.]
With regard to the time delay for filing for judicial review of a decision of the Board of Review, LSA-R.S. 23:1630(B) provides, in pertinent part:
The board of review shall make a determination and notify all parties of its decision, including its findings and con-elusions in support thereof, within sixty days from the date an appeal is received or initiated by the board.... Such decision shall be final unless, within fifteen days after the mailiny of notice thereof to the party’s last known address, or, in the absence of such mailing, within fifteen days after the delivery of such notice, a proceediny for judicial review is initiated pursuant to R.S. 23:1634.... [Emphasis added.]
Thus, under the provisions of LSA-R.S. 23:1634 and 23:1630, a petition for judicial review must be filed within fifteen days after the mailing of notice to the party’s last known address. The fifteen-day period for appeal allowed by LSA-R.S. 23:1630 is a period of peremption, and, thus, its running does not merely bar the remedy, but destroys it completely. See Austin v. Administrator, Division of Employment Security, Department of Labor, 158 So.2d 74, 78 (La.App. 1st Cir.1963); Baughman v. Covenant Transport, Inc., 45,122 (La.App. 2nd Cir.4/14/10), 34 So.3d 1087, 1090. Accordingly, upon the expiration of the fifteen-day period, the right of appeal ceases to exist and is lost. See LSA-C.C. art. 3458, Austin, 158 So.2d at 78, and Baughman, 34 So.3d at 1090.
Where a decision contains a notation of the date it was mailed, this notation gives rise to a presumption that the notice was mailed on that date, since public officials are presumed to have performed their duties correctly. Bailey v. Cajun Insulation, 453 So.2d 237, 241 (La.1984). While the result may be harsh, the agency has no legal obligation to ensure factual receipt by the claimant, and the law does not require Louisiana Workforce Commission to prove that claimant actually received the notice. Bell v. Goodwill Industries of North Louisiana, Inc., 47,803 (La.App. 2nd Cir.2/27/13), 110 So.3d 632, 636.
Despite claimant’s assertions on appeal that there is “uncontradicted evidence in the record that neither [she] nor her attorney received the Board of Review decision which was mailed on October 8, 2013,” we note that claimant presented no evidence, other than assertions advanced as argument, that she did not receive the notice. Thus, claimant failed to offer any evidence to rebut the presumption that the notice was mailed and that claimant received it. See Bailey, 453 So.2d at 241 (Claimant’s testimony alone that he did not receive notice until weeks after it was pre *331 sumed to have been mailed failed to rebut the presumption of when notice was mailed), and Bell, 110 So.3d at 636 (Assertions by counsel that claimant did not receive notice was insufficient to rebut presumption that notice was mailed and that claimant received it).
Moreover, contrary to claimant’s assertions on appeal, the notice provisions of the Administrative Procedures Act do not apply to the unemployment compensation claims. See LSA-R.S. 49:967(A); State ex rel. Armistead v. Phelps, 365 So.2d 468, 469 (La.1978). Chapter 11 of Title 23 of the Louisiana Revised Statutes, governing unemployment [ ^compensation, does not require that notice be given to a party’s attorney.[4] LSA-R.S. 23:1630(B); Bailey, 453 So.2d at 241; see also Schackai v. Louisiana Board of Massage Therapy, 99-1957, 99-1958 (La.App. 1st Cir.9/22/00), 767 So.2d 955, 959-960, writ denied, 2000-2898 (La.12/8/00), 776 So.2d 464 (Unemployment compensation law requires only that the party, and not the party’s attorney, receive notification). Thus, claimant’s arguments that her attorney should have also been sent notice of the Board of Review’s decision is without merit.
Accordingly, given claimant’s failure to rebut the presumption that notice of the Board of Review’s decision was mailed to her on September 20, 2013, we find no error in the district court’s judgment maintaining the exception of peremption filed by Louisiana Workforce Commission on the basis that claimant’s petition for judicial review was not timely filed.
CONCLUSION
For the above and foregoing reasons, the May 22, 2014 judgment of the district court, maintaining the Louisiana Workforce Commission’s | aexception of peremption and dismissing with prejudice claimant’s demands against it, is hereby affirmed. Costs of this appeal are assessed against claimant, Abbie L. Freeman.
AFFIRMED.
McCLENDON, J., concurs and assign reasons.

. The hearing had been previously set on two separate dates, with notice of both of those dates having been mailed to claimant at her listed address. However, from the administrative record, it appears that the ALJ postponed the first hearing date at claimant’s request, and claimant also requested a postponement of the second hearing date. The AU was apparently unaware of claimant’s request to postpone the second hearing date and, in fact, attempted to conduct a hearing on September 3, 2013. Moreover, a decision was apparently rendered following the attempted September 3, 2013 hearing, dismissing claimant’s appeal due to her failure to be available for the hearing.
However, the administrative record also indicates that on September 4, 2013, the hearing date was reset to September 19, 2013. A third Notice of Telephone Hearing, setting the hearing date for September 19, 2013, was mailed to claimant on September 5, 2013. Thus, in light of the fact that the ALJ scheduled another hearing for September 19, 2013, the record shows that the ALJ reopened the matter upon learning that claimant had in fact sought a postponement of the September 3, 2013 hearing. See LAC 40:IV. § 113(A)(3)(B) (Where an appeal has been dismissed due to the appellant’s non-appearance, ”[t]he appellant ... may file a written request for reopening before the administrative law judge, with a showing of good cause, within seven days of the date of mailing of the dismissal decision ... If it is determined by the administrative law judge ... that the appellant has shown good cause for his nonappearance, the dismissal shall be vacated and a new hearing on the merits shall be scheduled.”) and LAC 40:IV. § 113(D)(2)(c) & (f) (To determine whether good cause has been shown in a request for reopening, the ALJ shall consider any relevant factors, including administrative error and a timely effort to request continuance).

. Although the caption of the petition lists claimant as "Abbie L. Freeman,” the body of the petition lists her as "Carol C. Wagner.” The Florida Parishes Juvenile Detention Center noted this discrepancy in its answer. Although the petition was never amended, the parties were obviously clear as to who the claimant was herein. Moreover, this is not asserted as an issue in the appeal now before us.

. Claimant further contended that neither she nor her attorney received notice of the September 19, 2013 hearing date before the ALJ. However, she apparently does not dispute that she received the prior two notices of the earlier hearing dates, mailed to the same address as the later notices, given that she requested postponement of both of the earlier hearing dates.

. We note that when originally promulgated in June 1989, section 129 of the administrative rules for the Office of Employment Security provided that copies of the Board of Review's decision "will be mailed to the parties as defined in § 113.” Section 113(G) provided that "[t]he term “party” or "parties" as used in these rules shall mean the claimant or the employer only.” (Emphasis added). La. Register, Vol. 15, No. 6, pp. 486, 487 (June 20, 1989).
Thereafter, in January 1997, the Board of Review amended and repromulgated section 113, to provide, in subsection (G), that "[t]he term Party or Parties, as used in these Rules, shall mean the claimant and the employer or any legal or designated representative thereof. ...” La. Register, Vol. 23, No. 1, pp. lb-11 (January 20, 1997) (emphasis by holding and underlining added). The substance of this definition of "party” or "parties” still exists today in Louisiana Workforce Commission's administrative rales governing unemployment compensation claims. LAC 40:IV. §§ 129 & 113.
Thus, while LSA-R.S. 23:1630(B) requires notice only to the “parties,” Louisiana Workforce Commission's administrative rules provide that the Board of Review's decision will be mailed to the parties, as defined to include either "the claimant” or "any legal ... representative” of the claimant. Based on our reading of sections 129 and 113 of the administrative rules, we conclude that these rules impose no specific requirement of notice to both claimant and her attorney.
Accordingly, in the instant case, we are constrained to find mailing of notice of the Board of Review’s decision to claimant only, and not to her attorney, complied with LSA-R.S. 23:1630(B) and sections 129 and 113 of the Louisiana Workforce Commission’s administrative rules. LAC 40:IV. §§ 129 & 113.